UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**96-2555**

JOHN D. R. LEONARD,  )
                     )   Case No.   **CIV - KING**
        Plaintiff,   )
                     )   **MAGISTRATE JUDGE**
    v.               )   **DUBÉ**
                     )
PEPSICO, INC.,       )
                     )
        Defendant.   )
_____)

## NOTICE OF AND PETITION FOR REMOVAL

TO:   THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF FLORIDA
      MIAMI DIVISION

Petitioner, PepsiCo, Inc. ("PepsiCo"), defendant in the action described below, pursuant to

28 U.S.C. §§ 1332, 1441 and 1446, hereby removes this action styled John D.R. Leonard v. PepsiCo,

Inc., Case No. 96-15647 CA-02, currently pending in the Circuit Court of the Eleventh Judicial

Circuit for Dade County, Florida (the "State Action"), to the United States District Court for the

Southern District of Florida.  In support, PepsiCo states as follows:

1.     PepsiCo is a North Carolina corporation with its principal place of business in

Purchase, New York.  PepsiCo is engaged in the sale of beverages, including soft drinks sold under

the brand names Pepsi and Diet Pepsi.

2.     Plaintiff, John D.R. Leonard ("Leonard"), is a citizen of the State of Washington, and

resides at 21514 8th Place West, Lynnwood, Washington  98036.



3.     On or about August 6, 1996, Leonard filed the State Action in the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida.  A copy of Leonard's complaint is attached hereto as Exhibit "A."  In connection with the filing of his complaint, Leonard filed and sought to have served on PepsiCo, a summons addressed to PepsiCo and a first request for production.  Copies of these documents are attached hereto as Composite Exhibit "B."

4.     On August 7, 1996, counsel for PepsiCo received notice that Leonard had filed a complaint in the State Action.

5.     Leonard's complaint filed in the State Action arises from one of PepsiCo's promotions known as "Pepsi Stuff."  As part of the Pepsi Stuff promotion, consumers are invited to collect "Pepsi Points" by purchasing various Pepsi products.  Alternatively, Pepsi Points may be collected at a cost of $.10 per point.  Once they obtain a sufficient number of Pepsi Points, consumers may exchange their Pepsi Points for various types of merchandise, such as jackets, caps, tee-shirts, watches, and other consumer products.  In all, 53 different items are available as part of the Pepsi Stuff campaign, ranging in "price" from 15 Pepsi Points (for a "Jacket Tattoo") to 3300 Pepsi Points (for a 20.5" Fila Mountain Bike).  All of the merchandise available in the Pepsi Stuff campaign is listed on an order form which a consumer must complete and submit to PepsiCo.  (See Complaint, ¶¶ 4-6, attached as Exhibit A).

6.     PepsiCo has extensively promoted its Pepsi Stuff campaign in television commercials broadcast regionally throughout the United States, as well as nationwide.  At the end of one such commercial, which was broadcast only in the northwestern United States, a young man garbed in various Pepsi Stuff merchandise is shown landing what appears to be a sophisticated military

aircraft, known as a Harrier Jet, in a school yard. The complaint alleges that in this commercial, PepsiCo "offered" a new Harrier Jet in exchange for 7 million Pepsi Points. (Complaint, ¶¶ 7-8).

7.     The complaint further alleges that Leonard "accepted" the Harrier Jet "offer" by obtaining 15 Pepsi Points (through the purchase of Pepsi products), and tendering to PepsiCo the 15 points, a check in the amount of $700,008.50 written by his law firm, and a Pepsi Stuff order form listing Leonard's Washington address in which a handwritten request for "a Harrier jet" was made. The check represented the purchase price for the remaining 6,999,985 Pepsi Points (at $.10 per point), plus $10 for "shipping and handling". (Complaint, ¶ 10 and Composite Exhibit A thereto, p. 2). Because there was no "Harrier Jet" (or any other aircraft, for that matter) included among the list of 53 items on the Pepsi Stuff order form, Leonard simply wrote the words "1 Harrier Jet" at the bottom of the order form he submitted to PepsiCo, and filled in the number "7,000,000" in the space for "Total Points Column B." (Complaint, Composite Exhibit A thereto, p. 3).

8.     The complaint further alleges that on May 7, 1996, PepsiCo's agent, Young America Corporation, "failed and refused" to process Leonard's "order" for a Harrier Jet. This "order" was resubmitted on two other occasions; on both occasions, PepsiCo refused to process Leonard's "order." (Complaint, ¶¶ 11-13).

9.     The complaint alleges violations of Florida common law and statutes. In Count I, Leonard seeks specific performance of an alleged "contract" with PepsiCo -- namely, delivery of one "new Harrier Jet" in exchange for 7 million Pepsi Points. In Count II, Leonard alleges that he "accepted" PepsiCo's "offer" for a new Harrier Jet, and that PepsiCo breached a "contract" by refusing "to fulfill its obligations to Leonard." Count III alleges that PepsiCo committed fraud by falsely representing that a Harrier Jet could be acquired in exchange for 7 million Pepsi Points.

112647                                         - 3 -

Count IV alleges that PepsiCo willfully violated Florida's Deceptive and Unfair Trade Practices Act, § 501.201, Florida Statutes et seq., by falsely representing that it was "offering" a new Harrier Jet +in exchange for 7 million Pepsi Points.  Finally, Count V alleges that PepsiCo's conduct amounts to "misleading advertising," in violation of Florida's Fraudulent Practices Act, § 817.41, Florida Statutes.

10.    This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).  Under 28 U.S.C. §§ 1332(c)(1), PepsiCo was a citizen of North Carolina and New York as of the date the complaint was filed, and it remains a citizen of those states as of the date of the filing of this Notice of Removal.  Leonard is presently a citizen of the State of Washington, and was a citizen of Washington at the time the complaint in the State Action was filed.  There is, therefore, complete diversity of citizenship among the parties to this action.

11.    In addition, the amount in controversy in this action exceeds the sum or value of $50,000.00, exclusive of interest and costs.  In Count I of the complaint, Leonard seeks an order requiring PepsiCo to deliver "a new Harrier Jet," the value of which exceeds $30 million, to him. In Count II of the complaint, Leonard alleges that PepsiCo breached a "contract" with Leonard by refusing to deliver "a new Harrier Jet," thus placing the multi-million dollar value of such a jet in controversy.  In the remaining counts, Leonard seeks an unspecified amount of damages, but all of his allegations involve "a new Harrier Jet" and the tendered check from Leonard's law firm in the amount of $700,008.50.

12.    Leonard's complaint (Exhibit "A"), Leonard's first request for production and summons to PepsiCo (Composite Exhibit "B") and PepsiCo's unopposed motion for enlargement of time, the agreed order granting that motion, Leonard's civil cover sheet and Leonard's return of

service as to PepsiCo (Composite Exhibit "C") are the only process, pleadings, and orders served upon PepsiCo by Leonard or the Court in the State Action, and are being filed herewith in accordance with 28 U.S.C. § 1446(a).

13.    This Notice of and Petition for Removal is filed within thirty days after notice to PepsiCo of the initial pleadings setting forth the claims for relief in the State Action, and is, therefore, timely filed pursuant to 28 U.S.C. § 1446(b).

14.    Written notice of the filing of this Notice of and Petition for Removal is being given to Leonard's counsel, together with a copy of the Notice of and Petition for Removal and exhibits, in accordance with 28 U.S.C. § 1446(d).

15.    This action is therefore removable to this Court pursuant to 28 U.S.C. § 1441.

WHEREFORE, petitioner, PepsiCo, Inc., hereby removes the State Action from the Circuit Court of the Eleventh Judicial Circuit In and For Dade County to this Court.

Respectfully submitted,

**AKERMAN, SENTERFITT & EIDSON, P.A.**
Attorneys for PepsiCo, Inc.
28th Floor
One Southeast Third Avenue
Miami, Florida 33131-1704
(305) 374-5600
Fax No.: (305) 374-5095

By: _____
    Steven E.M. Hartz, Esq.
    Florida Bar No.: 285935
    Merrick L. Gross, Esq.
    Florida Bar No.: 716677

Of Counsel

**LOWE, PRICE, LEBLANC & BECKER**
Charles D. Ossola, Esq.
Harrie R. Sameras, Esq.
Michael M. McCabe, Esq.
Greg Roggin, Esq.
99 Canal Center Plaza, Suite 300
Alexandria, VA  22314
(703) 684-1111
Fax No.: (703) 518-5499

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing NOTICE OF AND PETITION

FOR REMOVAL was served via hand-delivery on Lawrence M. Schantz, Esq. and Alan P. Dagen,

Esq., Schantz, Schatzman & Aaronson, P.A., 200 South Biscayne Boulevard, Suite 1050, Miami,

Florida  33131, this 6/4 day of September, 1996.

Attorney

## VERIFICATION AND
## STATEMENT PURSUANT TO FED. R. CIV. P. 11

STATE OF FLORIDA     )
                            ) ss.

COUNTY OF DADE       )

     MERRICK L. GROSS, being duly sworn, deposes and says:

     I am of counsel to the firm of Akerman, Senterfitt & Eidson, P.A., attorneys for PepsiCo, Inc., petitioner herein. I have prepared and read the foregoing Notice of and Petition for Removal and know the contents, and the same is true to my own knowledge.

                                          MERRICK L. GROSS

     SWORN TO AND SUBSCRIBED before me this _6th_ day of _September_, 1996, by MERRICK L. GROSS.

My Commission Expires:

_3/7/98_

                                      NOTARY PUBLIC

Print Name _Regla Hernandez_

Commission No.: _CC - 35361 6_

[ X ] Personally known to me; or
[  ] Produced identification:_____
                           TYPE OF IDENTIFICATION

[NOTARIAL SEAL]

            NOTARY PUBLIC, STATE OF FLOR.
               R. HERNANDEZ
            COMMISSION NO. CC-353616
            MY COMMISSION EXPIRES
            MAR. 07, 1998

112647

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT,
## IN AND FOR DADE COUNTY, FLORIDA

### GENERAL JURISDICTION DIVISION
### CASE NO.: ___96-15617___

JOHN D.R. LEONARD,

       Plaintiff,

*vs.*

PEPSICO, INC.,

       Defendant.

_____/



### COMPLAINT

Plaintiff, JOHN D.R. LEONARD, sues Defendant, PEPSICO, INC. and alleges as follows:

### JURISDICTION AND VENUE

1.     This is an action for damages in excess of $15,000.00 exclusive of interest, costs and attorney's fees.

2.     Plaintiff, JOHN D.R. LEONARD ("LEONARD"), is a resident of Seattle, Washington, and is otherwise *sui juris*.

3.     Defendant, PEPSICO, INC. ("PEPSI"), is a North Carolina corporation with its principal place of business in Purchase, New York at Anderson Hill Road, Purchase, New York, 10577, and is doing business in the State of Florida.

### FACTUAL ALLEGATIONS

4.     PEPSI is a corporation primarily engaged in the business of producing and distributing soft drinks world wide.  To promote the sale of its products here in the United States, PEPSI launched a national advertising campaign utilizing various forms of media, the most significant of which is the use of television commercials.

5.     Specifically, this national advertising campaign, coined "Pepsi Stuff", consists of offering various merchandise, for sale, to the general public in exchange for Pepsi Points.  Pepsi Points

Schantz, Schatzman & Aaronson, P.A.
200 South Biscayne Boulevard • Suite 1050 • Miami, Florida 33131
Telephone: (305) 371-3100 • Fax: (305) 371-2024



CASE NO.: _____

are actually a promotional item, much like phoney money, which entitle a participant to receive prizes based upon the amount of points assigned to a particular prize. Each prize offered in the Pepsi Stuff campaign can be obtained by a participant simply by tendering his/her Pepsi Points to PEPSI.

6.     Pepsi Points can be acquired in two ways. One method is to purchase specially marked packages of PEPSI products from vendors throughout the country who sell PEPSI products. The second method is to purchase points directly from PEPSI, via an order form, for 10¢ per point. There is no limit to the amount of points one is allowed to purchase.

7.     The most notable of the Pepsi Stuff television commercials features a new Harrier Jet, among an assortment of other prizes, which are offered to the general public. As part of the television commercial, PEPSI conspicuously displayed the amount of Pepsi Points needed to obtain a particular prize. PEPSI offered the new Harrier Jet in the television commercial for seven (7) million Pepsi Points.

8.     LEONARD first noticed the Pepsi Stuff television commercial offering the new Harrier Jet in Seattle, Washington, which commercial was also broadcast in the state of Florida. This television commercial actually depicts an individual flying to school in his new Harrier Jet and then offers the jet as one of the Pepsi Stuff prizes.

9.     LEONARD, in accordance with the rules and regulations of the Pepsi Stuff promotional campaign, accepted PEPSI's offer of the new Harrier Jet, by obtaining 15 original Pepsi Points and then purchasing the remaining Pepsi Points at $.10 a point for 6,999,985 points, for the total sum of $699,998.50.

10.    On March 28, 1996, LEONARD duly tendered the seven (7) million Pepsi Points to PEPSI in exchange for the new Harrier Jet by delivering to PEPSI (1) an original Pepsi Stuff order form, (2) 15 original Pepsi Points, and (3) a check in the amount of $700,008.50 (for the remaining 6,999,985 points, plus shipping and handling), all in accordance with the rules and regulations of the Pepsi Stuff promotion. A true and correct copy of these items are attached hereto as **Composite Exhibit "A"**.

CASE NO.: _____

11.     Surprisingly, on May 7, 1996, PEPSI, by and through its employees and/or agents, Young America Corporation, failed and refused to process the items contained in **Composite Exhibit "A"** tendered by LEONARD, and more importantly failed and refused to provide the new Harrier Jet to LEONARD.

12.     On May 14, 1996, LEONARD resubmitted the 15 original Pepsi Points, the original order form and check for $700,008.50 (**Composite Exhibit "A"**), to PEPSI's Agent, Young America, which was refused a second time.

13.     On May 24, 1996, LEONARD resubmitted the entire package (**Composite Exhibit "A"**) to PEPSI's New York headquarters.  PEPSI refused to process this order as well.

14.     To date, despite LEONARD's reliance on PEPSI's nationally advertised offer of a new Harrier Jet, in exchange for seven (7) million Pepsi Points,  PEPSI has failed and refused to deliver this prize, thereby breaching its own offer to the detriment of LEONARD.

15.     All conditions precedent to this action have been performed, excused or waived.

16.     LEONARD has retained the undersigned law firm for the  purposes of maintaining this suit and is obligated to pay it a reasonable fee.

## COUNT I.

### [ Specific Performance ]

17.     Plaintiff hereby realleges and incorporates paragraphs 1 through 16 as if fully set forth herein.

18.     PEPSI, by and through its national advertising campaign, known as Pepsi Stuff, offered a new Harrier Jet for sale to the general public under certain conditions precedent, namely the tender of seven (7) million Pepsi Points, as more particularly described above.

19.     On March 28, 1996, LEONARD, in accordance with the rules and regulations of the Pepsi Stuff promotion, accepted that offer, met all of the above conditions precedent (which included

CASE NO.: _____

providing the advertised consideration to PEPSI for the new Harrier Jet) and a binding contract was formed.

     **20.**    LEONARD is ready, willing and able to take possession of the new Harrier Jet, however, PEPSI has failed and refused to fulfill its contractual obligations to LEONARD by not delivering the new Harrier Jet in exchange for the seven (7) million Pepsi Points tendered by LEONARD. Accordingly, PEPSI has breached the contract between the parties.

     **21.**    Since the subject matter of the contract, a new Harrier Jet, is of such a special nature and peculiar value and is a specifically identifiable and inherently unique item, LEONARD is without an adequate remedy at law to redress his injuries if PEPSI is not required to perform its obligations under the contract by delivering the new Harrier Jet to LEONARD.

     **22.**    As a direct and proximate result of PEPSI's breach of contract, LEONARD has and will continue to suffer damages, unless PEPSI completes its performance of the contract as described above.

     **WHEREFORE,** Plaintiff, LEONARD, prays that this Honorable Court: (1) exercise its equitable powers over the subject matter of this action requiring specific performance of the contract as between the parties; (2) enter a judgment, order or decree directing or otherwise requiring PEPSI to accept the tender of seven (7) million Pepsi Points from LEONARD and deliver and/or otherwise transfer the new Harrier Jet to LEONARD; and (3) fashion any and all appropriate remedies the Court deems necessary and proper to carry out performance of the contract by PEPSI in favor LEONARD.

### COUNT II.

### [ <u>Breach of Contract (In the Alternative)</u> ]

     **23.**    Plaintiff hereby realleges and incorporates paragraphs 1 through 16 as if fully set forth herein.

     **24.**    PEPSI, by and through its national advertising campaign, known as Pepsi Stuff, offered to sell a new Harrier Jet to the general public under certain conditions precedent, namely the tender of seven (7) million Pepsi Points as more particularly described above.

CASE NO.: _____

**25.** On March 28, 1996, LEONARD, in accordance with the rules and regulations of the Pepsi Stuff promotion, accepted that offer, met all of the above conditions and a binding contract was formed.

**26.** PEPSI has failed and refused to fulfill its obligations to LEONARD as more particularly set forth above and therefore, PEPSI has breached the contract between the parties.

**27.** As a direct and proximate result of PEPSI's breach of the contract, LEONARD has suffered damages.

**WHEREFORE,** Plaintiff, LEONARD, demands judgment against Defendant, PEPSI, for damages, together with attorney's fees and costs.

## COUNT III.

### [ Fraud ]

**28.** Plaintiff hereby realleges and incorporates paragraphs 1 through 16 as if fully set forth herein.

**29.** PEPSI, by and through its nationally advertised television commercial featuring a new Harrier Jet, made knowingly false statements and representations to LEONARD, concerning its offer of the new Harrier Jet as one of the prizes which could be obtained in the Pepsi Stuff promotional campaign.

**30.** Specifically, PEPSI misrepresented the fact that a new Harrier Jet could be acquired by a member of the general public for seven (7) million Pepsi Points, when in fact, PEPSI had absolutely no intentions of fulfilling its promise to do so.

**31.** PEPSI knowingly made these false statements and representations in its television commercial, which statements were material misrepresentations of fact, with the intent to induce members of the general public, such as LEONARD, into purchasing PEPSI products and thereby increasing its profits. Accordingly, by virtue of its running the Pepsi Stuff commercial nationwide, it

CASE NO.: _____

was foreseeable by PEPSI that the offer of a new Harrier Jet would either directly increase the sale of its products for Pepsi Points or the purchase of Pepsi Points itself.

**32.**     LEONARD detrimentally relied on PEPSI's false statements of material fact when on March 28, 1996, LEONARD duly tendered the seven (7) million Pepsi Points to PEPSI in exchange for the new Harrier Jet by delivering to PEPSI (1) an original Pepsi Stuff order form, (2) 15 original Pepsi Points, and (3) a check in the amount $700,008.50 (for the remaining 6,999,985 points, plus shipping and handling), all in accordance with the rules and regulations of the Pepsi Stuff promotion.

**33.**     As a direct and proximate result of PEPSI's failure and refusal to honor, accept and process LEONARD's tender of the items set forth in **Composite Exhibit "A",** to obtain (7) million Pepsi Points in exchange for a new Harrier Jet, LEONARD has suffered damages.

**WHEREFORE,** Plaintiff, LEONARD, demands judgment against Defendant, PEPSI, for damages and such other and further relief as this Court deems just and proper and reserves the right to amend the Complaint to seek punitive damages upon proper proffer pursuant to Florida Statutes.

## COUNT IV.

### [ Deceptive and Unfair Trade Practices ]

**34.**     Plaintiff hereby realleges and incorporates paragraphs 1 through 16 as if fully set forth herein.

**35.**     This action is brought against PEPSI pursuant to Florida's Deceptive and Unfair Trade Practices Act, § 501.201, Florida Statutes, *et. seq.*

**36.**     PEPSI, through its nationally advertised television commercial as described above, offered a new Harrier Jet as one of the prizes that could be obtained in the Pepsi Stuff promotional campaign, which commercial was broadcast in the state of Florida.

**37.**     PEPSI misrepresented and misled the general public, and particularly LEONARD, in its television advertisement, by offering a new Harrier Jet for seven (7) million Pepsi Points, when in fact, PEPSI had absolutely no intention of fulfilling its promise to do so.

CASE NO.: _____

**38.**     PEPSI's failure and refusal to provide LEONARD with a new Harrier Jet after LEONARD had accepted its offer by delivering to PEPSI (1) an original Pepsi Stuff order form, (2) 15 original Pepsi Points, and (3) a check in the amount of $700,008.50 (for the remaining 6,999,985 points, plus shipping and handling), all in accordance with the rules and regulations of the Pepsi Stuff promotion, constitutes a willful violation of Florida's Deceptive and Unfair Trade Practices Act, § 501.201, Florida Statutes, *et. seq.* and as a direct and proximate result LEONARD has suffered damages.

**WHEREFORE,** Plaintiff, LEONARD, demands judgment against Defendant, PEPSI for damages, including attorney's fees and costs as provided by statute and for such other and further relief as this Court deems just and proper.

## COUNT V.

### [ Misleading Advertising ]

**39.**     Plaintiff hereby realleges and incorporates paragraphs 1 through 16 as  if fully set forth herein.

**40.**     This action is brought against PEPSI pursuant to Florida's Fraudulent Practices Act, § 817.41, Florida Statutes (1993).

**41.**     PEPSI, through its nationally advertised television commercial offering a new Harrier Jet, which a commercial was broadcast in the state of Florida, made knowingly false, deceptive and misleading representations to LEONARD, as a member of the general public, concerning its offer of the new Harrier Jet as one of the prizes which could be obtained in the Pepsi Stuff promotional campaign.

**42.**     Specifically, PEPSI misrepresented a material fact that a new Harrier Jet could be acquired for seven (7) million Pepsi Points, when in fact, PEPSI had absolutely no intentions of fulfilling its promise to do so.

CASE NO.: _____

**43.**     PEPSI knowingly made these false, deceptive and misleading statements in its television commercial, for the purpose of inducing or causing members of the general public, and particularly LEONARD, to purchase its products or Pepsi Points under false pretenses.

**44.**     Such practices constitute a willful violation of §817.41, Florida Statutes (1993) and as a direct and proximate result, LEONARD has suffered damages.

**WHEREFORE,**   Plaintiff, LEONARD, demands judgment against Defendant, PEPSI for damages, including attorneys fees and costs as provided by statute and for such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

**45.**     Plaintiff demands a trial by jury of all issues so triable as a matter of right.

Respectfully submitted this __6th__ day of August, 1996.

SCHANTZ, SCHATZMAN & AARONSON, P.A.
Attorneys for John D.R. Leonard
Suite 1050, First Union Financial Center
200 South Biscayne Boulevard
Miami, FL 33131-2394
(305) 371-3100

By: _____
LAWRENCE M. SCHANTZ, Esquire
Florida Bar No.: 143910

By: _____
ALAN P. DAGEN, Esquire
Florida Bar No.:0456535

G:\HOFFMAN\MIS\PEPSI.COM









008975

**SSA•C**
Schantz
Schatzman
Aaronson
& Cahan, P.A.

LAW OFFICES
TRUST ACCOUNT

CITY NATIONAL BANK of MIAMI
ONE BISCAYNE TOWER
MIAMI, FLORIDA 33131

83-438
660

| CHECK DATE | CHECK NO. | CHECK AMOUNT |
| --- | --- | --- |
| 03/27/96 | 8975 | $700,008.50 |

PAY    *** SEVEN HUNDRED THOUSAND EIGHT & 50/100 DOLLARS

TO THE
ORDER OF

Pepsi Stuff
P.O. Box 5775
Norwood, MN 55583-5775

SCHANTZ, SCHATZMAN, AARONSON & CAHAN, P.A.

BY:

BY:

Authorized Signature

⑁008975⑁ ⑈066004367⑈ 400154940411⑈

**① Please print like this** `J A N E`

**Name**
Check One: Mr. ○  Mrs. ○  Ms. ○

`L O R I N`

**Address** (No P.O. Boxes)

`2 5 1 4` `W I S C O N S I N` `A V E`   Apt. #

**City:**  `L Y N N W O O D`   **State:** `W A`   **Zip:** `9 8 0 3 6`

**Daytime Telephone Number:**  `2 0 6` – `5 2 1` – `7 0 0 5`

**Your Age:** `2 1`   **How many people in your household?**
○ 1-2  ⊗ 3-4  ○ 5-6  ○ 7 or more

1) Is this order for ⊗ yourself? ○ someone else?

2) On average, how many 12oz. servings of COLA and NON-COLA carbonated soft drinks does your household purchase in one week?
○ 1-5  ⊗ 6-10  ○ 11-15  ○ 16-20  ○ more than 20

3) On average, how many of these carbonated soft drink purchases are COLAS (regular or diet colas)? `7`

4) Of your household's last 10 COLA and DIET COLA purchases, how many were from the following brands?
⊗ Pepsi  ○ Coke  ○ RC  ○ Store Brand/Other

If you wish to use a credit card for your payment, check which credit card you will be using:
○ Amex ○ Visa ○ MC ○ Discover

**Credit Card #:**

**Expiration Date:** __ __ – __ __   month / year

**Signature:**

Printed on Recycled Paper ♻

---

## ② ORDER YOUR PEPSI STUFF

*(*NOTE: You must have a minimum of 15 Pepsi Points from Specially marked packages of Pepsi and Diet Pepsi per order.)

### COLUMN A

| Item # | Item | Qty | Points per item | Total points |
|---|---|---|---|---|
| 1 | Jacket Tattoos - Hoops | | ×18× | |
| 2 | Jacket Tattoos - Music | | ×18× | |
| 3 | Jacket Tattoos - Skateboard | | ×18× | |
| 4 | Jacket Tattoos - Pepsi | | ×18× | |
| 5 | 3 Pepsi Kick Socks | | ×35× | |
| 6 | Pepsi Phone Cord | | ×35× | |
| 7 | Pepsi Ball Cap (ash gray) | | ×40× | |
| 8 | Pepsi Ball Cap (blue) | | ×40× | |
| 9 | Pepsi Ball Cap (black) | | ×40× | |
| 10 | Pepsi Tee - Fingerprint (S/M) | | ×75× | |
| 11 | Pepsi Tee - Fingerprint (L/XL) | | ×75× | |
| 12 | Pepsi Tee - Big Letters (S/M) | | ×75× | |
| 13 | Pepsi Tee - Big Letters (L/XL) | | ×75× | |
| 14 | Pepsi Tee - Big Picture (S/M) | | ×75× | |
| 15 | Pepsi Tee - Big Picture (L/XL) | | ×75× | |
| 16 | Pepsi Tee - Big Ball (S/M) | | ×75× | |
| 17 | Pepsi Tee - Big Ball (L/XL) | | ×75× | |
| 18 | Beach Towel | | ×95× | |
| 19 | Beach Shorts (M) | | ×110× | |
| 20 | Beach Shorts (L) | | ×110× | |
| 21 | Beach Shorts (XL) | | ×110× | |
| 22 | Heavyweight Canvas Duffel Bag | | ×200× | |
| 23 | Beach Chair w/Beverage Holder | | ×140× | |
| 24 | Bag of Balls | | ×105× | |
| 25 | Blue Shades w/Case | | ×175× | |
| 26 | Hooded Athletic Sweatshirt (S) | | ×275× | |
| 27 | Hooded Athletic Sweatshirt (M) | | ×275× | |
| | **Total Pepsi Points Column A** | | | |

### COLUMN B

| Item # | Item | Qty | Points per item | Total points |
|---|---|---|---|---|
| 28 | Hooded Athletic Sweatshirt (L) | | ×275× | |
| 29 | Hooded Athletic Sweatshirt (XL) | | ×275× | |
| 30 | Two Sports Sandals - Men's 6/7 (Am.Dem) | | ×300× | |
| 31 | Two Sports Sandals - Men's 8 (Am.Dem) | | ×300× | |
| 32 | Two Sports Sandals - Men's 9 (Am.Dem) | | ×300× | |
| 33 | Two Sports Sandals - Men's 10 (Am.Dem) | | ×300× | |
| 34 | Two Sports Sandals - Men's 11 (Am.Dem) | | ×300× | |
| 35 | Two Sports Sandals - Men's 12 (Am.Dem) | | ×300× | |
| 36 | Two Sports Sandals - Women's 4/5 (Am.Dem) | | ×300× | |
| 37 | Two Sports Sandals - Women's 6 (Am.Dem) | | ×300× | |
| 38 | Two Sports Sandals - Women's 7 (Am.Dem) | | ×300× | |
| 39 | Two Sports Sandals - Women's 8 (Am.Dem) | | ×300× | |
| 40 | Two Sports Sandals - Women's 9 (Am.Dem) | | ×300× | |
| 41 | Two Sports Sandals - Women's 10 (Am.Dem) | | ×300× | |
| 42 | Sports Watch | | ×325× | |
| 43 | The Really Big 3-in-1 Bag | | ×350× | |
| 44 | Denim Jacket (XS) | | ×450× | |
| 45 | Denim Jacket (S) | | ×450× | |
| 46 | Denim Jacket (M) | | ×450× | |
| 47 | Denim Jacket (L) | | ×450× | |
| 48 | Denim Jacket (XL) | | ×450× | |
| 49 | The Black Leather Jacket (M) | | ×1140× | |
| 50 | The Black Leather Jacket (L) | | ×1140× | |
| 51 | The Black Leather Jacket (XL) | | ×1140× | |
| 52 | 18" Fila Mountain Bike w/Bag | | ×3300× | |
| 53 | 20.5" Fila Mountain Bike w/Bag | | ×3300× | |
| 1 | 1,450,000 ÷ 15 = Total Points Column B | | | 700,000 |

**③ Total Pepsi Points** (Add Columns A+B) _____ 700,000

Total Points Enclosed from packaging _____ 15

Additional Points Needed (Lines C – D) _____ 699,985

**④** (10¢ × Add'l Points Needed (10¢ × Line ④)) _____ $69,998.50

**⑤** Add Shipping & Handling _____ $ 10.00

**Total Payment Enclosed** _____ $70,008.50

Send this original order form to: Pepsi Stuff, P.O. Box 3775, Flatwood, MN 55333-3775

**Shipping & Handling Fees**

If you wish to order TOTAL sandals, follow this chart for proper S&H fees.

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO: 96-13617

JOHN D.R. LEONARD,

    Plaintiff,

vs.

PEPSICO, INC.,

    Defendant.

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

    Plaintiff, JOHN D.R. LEONARD, ("LEONARD"), hereby requests the Defendant, PEPSICO, INC., ("PEPSI"),to produce the following documents at the offices of Schantz, Schatzman & Aaronson, P.A., 200 South Biscayne Boulevard, Suite 1050, Miami, Florida 33131, within the time set forth in Fla. R. Civ. P. 1.350.

    I HEREBY CERTIFY that a true and correct copy of the foregoing was filed and  served together with the Summons and Complaint this _____ day of August, 1996 upon: **PepsiCo, Inc.**, c/o United States Corporation Co., 1201 Hayes Street, Suite 105, Tallahasee, Florida 32301.

Respectfully submitted,

SCHANTZ, SCHATZMAN & AARONSON, P.A.
Attorneys for Plaintiff
Suite 1050, First Union Financial Center
200 South Biscayne Boulevard
Miami, FL 33131-2394
(305) 371-3100

By: _____
ALAN P. DAGEN, ESQ.
Florida Bar No: 456535

Schantz, Schatzman & Aaronson, P.A.
200 SOUTH BISCAYNE BOULEVARD • SUITE 1050 • MIAMI, FLORIDA 33131
TELEPHONE: (305) 371-3100 • FAX: (305) 371-2024



CASE NO:_____

# I. DEFINITIONS

As used in this request for documents, each of the following terms shall be considered defined terms and shall have the meaning given in this section:

1.    "Pepsi," "Pepsico, Inc.," refers to the Defendant, Pepsico, Inc. and includes every natural person, corporation, entity, partnership, association, agency, or other organization employed by, owned, operated or in privity with Pepsico.

2.    "You," "your," refers to the Defendant, Pepsico, Inc., and includes every natural person, corporation, entity, partnership, association, agency, or other organization employed by, owned, operated or in privity with Pepsico.

3.    "Pepsi Stuff" refers to the promotional campaign as alleged in the Complaint.

4.    "Harrier jet commercial" refers to the television commercial as alleged in the Complaint and any other variation, revision or reproduction thereof.

5.    "BBDO" refers to the advertising agency known as BBDO of New York, a division of BBDO Worldwide, Inc., and includes every natural person, corporation, entity, partnership, association, agency, or other organization employed by, owned, operated or in privity with BBDO.

6.    "Document" or "Documents" means any kind of written, typed, recorded, or graphic matter, however produced or reproduced, whether sent or received, including originals, non-identical copies and drafts and both sides thereof, including but not limited to correspondence, memoranda, notes, messages, letters, telegrams, teletype messages, bulletins, diaries, chronological data, minutes, books, reports, charts, ledgers, invoices, worksheets, receipts, computer printouts, schedules, affidavits, contracts, transcripts, surveys, graphic representations of any kind, photographs, microfilm, videotapes, tape recordings, motion pictures or other films, and shall include the original and any draft thereof, and any copy of an original or draft which differs in any respect from such original or draft, and includes all documents as defined in the Florida/Federal Rules of Civil Procedure.

7.    "Person" means any natural person, the estate of any natural person or any legal entity, including, but not limited to, a corporation, partnership, and an unincorporated association, and any officer, director, employee, agent, or other person acting or purporting to act on its behalf.

8.    "Communication" means any contact, oral or written, formal or informal, whereby information of any transmitted or transferred.

9.    The term "concerning" shall mean reflecting, referring to, relating to, mentioning, describing, evidencing, constituting, tending to prove or tending to refute.

- 2 -

CASE NO:_____

**10.**    The terms "include" and "including" shall each be interpreted in every instance as being illustrative of the information requested, shall be read as meaning "including but not limited to," and shall not be interpreted to exclude any information otherwise within the scope of these Requests.

**11.**    All references to the singular contained herein shall be deemed to include the plural, and all references to the plural shall be deemed to include the singular.

**12.**    The terms "all" and "any" shall be construed as all and any and shall not be interpreted to exclude any information otherwise within the scope of these Requests.

**13.**    The terms "and" and "or" shall each be interpreted in every instance both conjunctively and disjunctively, as meaning "and/or", and shall not be interpreted to exclude any information otherwise within the scope of these Requests.

## II.  INSTRUCTIONS

The following instructions apply to this request.

**14.**    This request shall be deemed to include any and all documents within the requested categories in the files of any and all present or former agents, employees, officers, directors, consultants, accountants, attorneys or other agents of Pepsico, Inc.

**15.**    Any request for production of a document is deemed to require production of each and every such thing executed, created, prepared, received, or in effect at any time to the present, or during any other indicated period of time.

**16.**    To the extent precise and complete documents cannot be furnished, such documents as are available shall be supplied.

**17.**    If an objection is made to any document request, all documents covered by that request but not subject to the objection should be produced.

**18.**    If any objection or privilege is asserted in response to any request for documents in this Request, state, as to each request, the precise nature of and grounds for the objection or privilege relied on, and identify each withheld document by date, the nature of the withheld document and the identity of the source, sender and recipient of such document, as applicable.

**19.**    Separate documents shall be furnished for each request, although where the context permits documents may be furnished by reference to the documents furnished in response to another request.

## III.  DOCUMENTS TO BE PRODUCED

**1.**    Any and all documents which in any way refer, reflect and/or relate to the Pepsi Stuff promotional campaign, including but not limited to, the television commercial described in the Complaint.

- 3 -

CASE NO:_____

2.      Any and all contracts and/or other written agreements, including but not limited to, engagement or retainer letters, letters of introduction, advertising bids or proposals between Pepsi and BBDO and/or any other advertising agency related, either directly or indirectly, to the Pepsi Stuff campaign.

3.      Any and all correspondence between PEPSI and BBDO and/or any other advertising agency related, either directly or indirectly, to the Pepsi Stuff campaign.

4.      Any and all internal memoranda, notes, minutes of meetings, or any similarly related documents relating, either directly or indirectly, to the Pepsi Stuff campaign.

5.      Any and all drafts of documents prepared for release to the general public in connection, either directly or indirectly, with the Pepsi Stuff campaign.

6.      Any and all final documents actually released to the public in connection, either directly or indirectly, with the Pepsi Stuff campaign.

7.      Any and all internal memoranda, notes, correspondence, or similar documents relating, either directly or indirectly, to any of the issues in this lawsuit.

8.      Any and all correspondence, by and between Pepsi or any of its affiliated entities and/or agents and the Plaintiff, LEONARD.

9.      Any and all documents that refer, reflect or relate to fee quotes and/or production budget analysis between Pepsi and BBDO and/or any other advertising agency related, either directly or indirectly, to the Pepsi Stuff campaign.

10.     Any and all documents that refer, reflect or relate specifically to the Harrier Jet commercial as described in the Complaint, including but not limited to, any and all variations, revisions and/or reproductions thereof.

11.     Any and all correspondence, internal memoranda, financial projections, etc., which in any way relate, either directly or indirectly, to the Harrier Jet commercial, the Pepsi Stuff campaign, and/or the Plaintiff herein.

12.     The official rules and regulations of the Pepsi Stuff campaign.

13.     True and accurate duplicates of every version of the Harrier Jet commercial utilized in the Pepsi Stuff campaign.

14.     All documents, including correspondence to all media outlets, relating to the Harrier Jet commercial as part of the Pepsi Stuff campaign.

15.     Any and all correspondence by and between Pepsi and/or any affiliated entities or entities working on its behalf and the FAA or any similar government agency in connection with obtaining permits, or other necessary permission to utilize the Harrier Jet in the Pepsi Stuff campaign.

16.     Any minutes of Shareholder meetings, Board of Director's meetings, and/or Officers meetings of Pepsi or any of its affiliated entities which refer, reflect or relate to any

- 4 -

CASE NO:_____

discussion of the Pepsi Stuff campaign, the Harrier Jet commercial, the Plaintiff herein, or any of the issues raised in this lawsuit.

     **17.**    Any documents which support any claim that Pepsi may make relating to personal jurisdiction over the Plaintiff in the state of New York.

     **18.**    Any documents which Pepsi has relied upon in connection with any of its pleadings in this or any related lawsuit between these parties.

     **19.**    Any and all documents that refer, reflect and/or relate to any promotional materials produced, published and disseminated to the general public for or on behalf of the Pepsi Stuff campaign including but not limited to, all advertisements in any form of media such as newspapers, magazines, literature, radio and/or television spots and commercials.

     **20.**    Any and all documents that refer, reflect and/or relate to any direct mailings, which were produced, published and disseminated to the public for or on behalf of PEPSI in connection, either directly or indirectly, with the Pepsi Stuff campaign.

     **21.**    Any and all documents, including but not limited to, reports, charts, graphs, computer generated data, spreadsheets, worksheets and other financial compilations and/or analysis produced, generated or compiled by or on behalf of PEPSI, including but not limited to BBDO and the accountants for BBDO and/or PEPSI that refer, reflect and/or relate to sales projections, revenue estimates, etc., for all PEPSI products in connection, either directly or indirectly, with the Pepsi Stuff campaign.

     **22.**    Any and all documents, including but not limited to, reports, charts, graphs, computer generated data, spreadsheets, worksheets and other financial compilations produced, generated by or on behalf of PEPSI, including but not limited to BBDO and the accountants for BBDO and/or PEPSI that refer, reflect and/or relate to the advertising budget for PEPSI in connection, either directly or indirectly, with the Pepsi Stuff campaign.

     **23.**    Any and all documents, including but not limited to, reports, charts, graphs, computer generated data, spreadsheets, worksheets and other financial compilations produced by or on behalf of PEPSI, including but not limited to BBDO and the accountants for BBDO and/or PEPSI that refer, reflect and/or relate to the actual costs and/or sums of money expended by or on behalf PEPSI in connection, either directly or indirectly, with the creation, production and marketing of the Pepsi Stuff campaign.

     **24.**    Any and all documents that refer, reflect and/or relate to any confidentiality agreements between Pepsi and BBDO and/or any other advertising agency related, either directly or indirectly, to the Pepsi Stuff campaign.

G:\HOFFMAN\PEPSI\MISC\REQ4PROD.DO2

- 5 -

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR DADE COUNTY, FLORIDA

## CIVIL ACTION SUMMONS

CIVIL DIVISION

CASE NO: 96-15617

JOHN D.R. LEONARD

   Plaintiff,

vs.

PEPSICO, INC.,

   Defendant.

_____/

To Defendant:  PEPSICO, INC.
      c/o United States Corporation Company

Address:   1201 Hayes Street, Suite 105
      Tallahasee, Florida 32301

  A lawsuit has been filed against you.  You have 20 calendar days after this Summons is served on you to file a written response to the attached Complaint with the Clerk of this Court. A phone call will not protect you; your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

  If you choose to file a written response yourself, at the same time you file your written response to the Court, located at:

      Dade County Courthouse
      Clerk of Courts, Room 138
      73 West Flagler Street
      Miami, Florida 33130

  Additional Court locations are printed on the back of this f.

  You must also mail or take a copy of your written respons
Attorney" named below.

Plaintiff/Plaintiff Attorney:

Alan P. Dagen, Esq.
Schantz, Schatzman &
Aaronson, P.A.

Address:

First Union Financial Center
200 South Biscayne Blvd., Suite 1050
Miami, Florida 33131

TO EACH SHERIFF OF THE STATE OF FLORIDA:  You are commanded to serve this Summons and a copy of the Complaint of this lawsuit on the above named Defendant.

HARVEY RUVIN
CLERK OF COURTS  By:_____  (Court Seal)
           Deputy Clerk

DATE:_____

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR DADE COUNTY, FLORIDA

**CIVIL ACTION SUMMONS**

96-15647

CIVIL DIVISION                                          CASE NO:_____

JOHN D.R. LEONARD

        Plaintiff,

vs.

PEPSICO, INC.,

        Defendant.

_____/

To Defendant:     PEPSICO, INC.
                c/o United States Corporation Company

Address:         1201 Hayes Street, Suite 105
                Tallahasee, Florida 32301

      A lawsuit has been filed against you. You have 20 calendar days after this Summons is served on you to file a written response to the attached Complaint with the Clerk of this Court. A phone call will not protect you; your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

      If you choose to file a written response yourself, at the same time you file your written response to the Court, located at:

Dade County Courthouse
Clerk of Courts, Room 138
73 West Flagler Street
Miami, Florida 33130

      Additional Court locations are printed on the back of this form.

      You must also mail or take a copy of your written responses to the "Plaintiff/Plaintiff's Attorney" named below.

<u>Plaintiff/Plaintiff Attorney</u>:             <u>Address</u>:

Alan P. Dagen, Esq.                 First Union Financial Center
Schantz, Schatzman &amp;            200 South Biscayne Blvd., Suite 1050
Aaronson, P.A.                    Miami, Florida 33131

TO EACH SHERIFF OF THE STATE OF FLORIDA:    You are commanded to serve this Summons and a copy of the Complaint of this lawsuit on the above named Defendant.

HARVEY RUVIN
CLERK OF COURTS     By:_____     (Court Seal)
                           **Deputy Clerk**

DATE:_____

CSC - Networks/Prentice-Hall Legal & Financial Services
1013 Centre Road, Wilmington, DE, 19805-1297
(302) 998-0595

United States Corporation Company                                    The Prentice-Hall Corporation System, Inc.

## NOTICE OF SERVICE OF PROCESS

Date Processed: 07-AUG-96                              Transmittal #: FL0226595U

To: RITA COWEL, LEGAL ASSISTANT                       Redirect sent to:
PEPSI-COLA COMPANY
ONE PEPSI WAY
MAIL DROP 3N316
SOMERS NY 105892201

TYPE OF REPRESENTATION:   Statutory

*We enclose the following documents which were served upon:*
                                              United States Corporation Company
*as registered agent in*  **Florida**        *for*
                                              **PEPSICO, INC. (ID#:   0575964)**
*Documents were served on*  **07-AUG-96**     *via Personal Service*        ID#: N/A

Title of Action: JOHN D.R. LEONARD
          vs. PEPSICO, INC.                          Case #: 96-15647 CA 01
        Court: CIRC. COURT 11TH JUD. CIRC. DADE COUNTY FL
Nature of Case: N/A

| | | |
|---|---|---|
| X  Summons | _____ Notice of Mechanic's Lien | _____ A self-addressed stamped |
| X  Complaint | _____ Notice of Attorney's Lien | envelope enclosed |
| _____ Garnishment | _____ Notice of Default Judgment | _____ Duplicate copies of the Notice |
| _____ Subpoena | | and Acknowledgement enclosed |

  X   Other:   REQUEST FOR PRODUCTION, INTERROGATORIES,

   Answer Due: WITHIN 20 DAYS AFTER SERVICE
Documents Sent: Federal Express          ID#:
   Call Placed: No call placed            Spoke to:  N/A
     Comments: N/A

Attorney for Claimant:
     ALAN P. DAGEN ESQ
     SCHANTZ, SCHATZMAN & AARONSON P.A.
     FIRST UNION FIRANCIAL CENTER, 200 SOUTH BISCAYNE BLVD,
     MIAMI FL 33131
     305-371-3100

Form Prepared By:_____
                    Tina Bartlett

*Please acknowledge receipt of this notice and the enclosures by signing and returning the acknowledgement copy.*

### Original Client Copy - for your records

The information on this transmittal is provided for use in forwarding the attached documents. This information does not constitute a legal opinion as to the facts or details of this action. These should be obtained from the documents themselves. The receiver of this transmittal is responsible for interpreting the documents and for taking appropriate action. If you have received only a copy of the transmittal, you should be aware that the documents have been sent to the original addressee. You should contact that addressee for details or interpretations of the content of those documents.

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 96-15647 CA 02

JOHN D. R. LEONARD,

      Plaintiff,

v.

PEPSICO, INC.,

      Defendant.

_____/

## PEPSICO'S UNOPPOSED MOTION FOR ENLARGEMENT OF TIME TO FILE ITS RESPONSE TO LEONARD'S COMPLAINT

Pursuant to Rule 1.090(b), Fla. R. Civ. P., defendant, Pepsico, Inc. ("Pepsico"), respectfully moves this Court to enter an order enlarging the time within which it must respond to the complaint filed by plaintiff, John D. R. Leonard ("Leonard"), and as grounds thereforewould state as follows:

1.     On August 7, 1996, Leonard's complaint was served on Pepsico.

2.     Leonard's complaint raises various complex statutory and common law claims against Pepsico.

3.     Upon reviewing Leonard's complaint, Pepsico would request an enlargement of time of 20 days, up to and including Monday, September 16, 1996, to file its response to Leonard's complaint.

4.     No party will be prejudiced by this enlargement of time.

117799


EXHIBIT
Composite
C

5.    Undersigned counsel has contacted Leonard's counsel, Alan P. Dagen, Esq., who has agreed to the relief sought in this motion.

WHEREFORE, Pepsico requests an enlargement of time, up to and including Monday, September 16, 1996, within which to file its response to Leonard's complaint. For the Court's convenience, a proposed agreed order is attached to this motion.

Respectfully submitted,

**AKERMAN, SENTERFITT & EIDSON, P.A.**
28th Floor
One Southeast Third Avenue
Miami, Florida 33131-1704
(305) 374-5600
Fax No.: (305) 374-5095

By: _____
Steven E.M. Hartz, Esq.
Florida Bar No.: 285935
Merrick L. Gross, Esq.
Florida Bar No.: 716677

Of Counsel

**LOWE, PRICE, LEBLANC & BECKER**
Charles D. Ossola, Esq.
Harrie R. Sameras, Esq.
Michael M. McCabe, Esq.
Greg Roggin, Esq.
99 Canal Center Plaza, Suite 300
Alexandria, VA  22314
(703) 684-1111
Fax.: (703) 518-5499

117799

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via telefax and U.S.

Mail to Lawrence M. Schantz, Esq. and Alan P. Dagen, Esq., Schantz, Schatzman & Aaronson, P.A.,

200 South Biscayne Boulevard, Suite 1050, Miami, Florida 33131, this 27th day of August, 1996.

_____
Attorney

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 96-15647 CA 02

JOHN D. R. LEONARD,

      Plaintiff,

v.

PEPSICO, INC.,

      Defendant.

_____/

## AGREED ORDER GRANTING
## PEPSICO'S MOTION FOR ENLARGEMENT OF TIME

THIS CAUSE came before the Court upon the motion for enlargement of time to file a response to plaintiff's complaint (the "Enlargement Motion") filed by defendant, Pepsico, Inc. ("Pepsico"). The Court, having considered the Enlargement Motion and the other documents contained in the Court file, having been apprised that plaintiff had agreed to the relief sought in the Enlargement Motion, and being otherwise fully advised in the premises, hereby

ORDERS and ADJUDGES that:

1.     Pepsico's Enlargement Motion is GRANTED.

2.     Pepsico shall file and serve its response to plaintiff's complaint on or before Monday, September 16, 1996.

117800

CASE NO  96-15647 CA 02

**DONE AND ORDERED** in Chambers in Miami, Dade County, Florida, this _____ day of

_____, 1996.

_____

RONALD M. FRIEDMAN
DADE COUNTY CIRCUIT COURT JUDGE

Copies furnished to:

Merrick L. Gross, Esq.
Akerman, Senterfitt & Eidson, P.A.
One Southeast Third Avenue, 28th Floor
Miami, Florida 33131-1704

Alan P. Dagen, Esq.
Schantz, Schatzman & Aaronson, P.A.
200 South Biscayne Boulevard, Suite 1050
Miami, Florida 33131

117800

2

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 96-15647 CA 02

JOHN D. R. LEONARD,

     Plaintiff,

v.

PEPSICO, INC.,

     Defendant.

_____/

## AGREED ORDER GRANTING
## PEPSICO'S MOTION FOR ENLARGEMENT OF TIME

THIS CAUSE came before the Court upon the motion for enlargement of time to file a

response to plaintiff's complaint (the "Enlargement Motion") filed by defendant, Pepsico, Inc.

("Pepsico"). The Court, having considered the Enlargement Motion and the other documents

contained in the Court file, having been apprised that plaintiff had agreed to the relief sought in the

Enlargement Motion, and being otherwise fully advised in the premises, hereby

     ORDERS and ADJUDGES that:

     1.     Pepsico's Enlargement Motion is GRANTED.

     2.     Pepsico shall file and serve its response to plaintiff's complaint on or before Monday,

September 16, 1996.

117800

**DONE AND ORDERED** in Chambers in Miami, Dade County, Florida, this _____ day of

_____, 1996.

RONALD . . . . . .

_____

RONALD M. FRIEDMAN
DADE COUNTY CIRCUIT COURT JUDGE

Copies furnished to:

Merrick L. Gross, Esq.
Akerman, Senterfitt & Eidson, P.A.
One Southeast Third Avenue, 28th Floor
Miami, Florida 33131-1704

Alan P. Dagen, Esq.
Schantz, Schatzman & Aaronson, P.A.
200 South Biscayne Boulevard, Suite 1050
Miami, Florida 33131

117800

2

Form 1.997

# CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statute 25.075. (See instructions on the reverse of the form.)

## I. CASE STYLE

(Name of Court) CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR DADE COUNTY, FLORIDA

Plaintiff   JOHN D.R. LEONARD                          Case #: 96-15617

_____                        Judge: _____

vs.

Defendant   PEPSICO, INC.

_____

## II. TYPE OF CASE   (Place an x in one box only. If the case fits more than one type of case, select the most definitive.)

| Domestic Relations | Torts | Other Civil |
|---|---|---|
| ☐ Simplified dissolution | ☐ Professional Malpractice | ☐ Contracts |
| ☐ Dissolution | ☐ Products liability | ☐ Condominium |
| ☐ Support - IV-D | ☐ Auto negligence | ☐ Real property/Mortgage foreclosure |
| ☐ Support - Non IV-D | ☐ Other negligence | |
| ☐ URESA - IV-D | | ☐ Eminent domain |
| ☐ URESA - Non IV-D | | ☒ Other |
| ☐ Domestic violence | | |
| ☐ Other domestic relations | | |

## III.   Is Jury Trial Demanded in Complaint?

☒ Yes

☐ No

_____

Date _____

SIGNATURE FOR ATTORNEY FOR PARTY INITIATING ACTION

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR DADE COUNTY, FLORIDA

**CIVIL ACTION SUMMONS**

CIVIL DIVISION

CASE NO: __96-15647__

JOHN D.R. LEONARD

    Plaintiff,

vs.

PEPSICO, INC.,

    Defendant.

To Defendant:    PEPSICO, INC.
        c/o United States Corporation Company

Address:    1201 Hayes Street, Suite 105
        Tallahassee, Florida 32301

    A lawsuit has been filed against you. You have 20 calendar days after this Summons is served on you to file a written response to the attached Complaint with the Clerk of this Court. A phone call will not protect you; your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

    If you choose to file a written response yourself, at the same time you file your written response to the Court, located at:

Dade County Courthouse
Clerk of Courts, Room 138
73 West Flagler Street
Miami, Florida 33130

    Additional Court locations are printed on the back of this form.

    You must also mail or take a copy of your written responses to the "Plaintiff/Plaintiff's Attorney" named below.

Plaintiff/Plaintiff Attorney:    Address:

Alan P. Dagen, Esq.    First Union Financial Center
Schantz, Schatzman &    200 South Biscayne Blvd., Suite 1050
Aaronson, P.A.    Miami, Florida 33131

TO EACH SHERIFF OF THE STATE OF FLORIDA: You are commanded to serve this Summons and a copy of the Complaint of this lawsuit on the above-named Defendant.

HARVEY RUVIN
CLERK OF COURTS    By:_____    (Court Seal)
        Deputy Clerk
AUG 0 6 1996

DATE:_____

# AFFIDAVIT OF SERVICE

TO BE SERVED:

PEPSICO, INC.
Prentice Hall Corporation Systems, Inc., R.A.
1201 Hays Street, Suite 105
Tallahassee, Florida 32301

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT
IN AND FOR DADE
COUNTY, FLORIDA

CASE NO. 96-15647 CA 01(2)

---

PLAINTIFF                                    DEFENDANT

JOHN D. R. LEONARD              vs    PEPSICO, INC.

---

TYPE OF WRIT: SUMMONS AND A COPY OF THE COMPLAINT

TYPE OF SERVICE

ASSOCIATION, CORPORATION, OR PARTNERSHIP-delivering a true copy of the original thereof with date and hour of service thereon to which was attached a copy of the Plaintiffs pleadings to: UNITED STATES CORPORATION COMPANY, R.A., of the within-named Defendant, to wit: PEPSICO, INC.

OTHER- By serving Jan McHugh, Process Specialist, authorized receiver of process in the absence of all corporate officers.

---

I HEREBY CERTIFY AND RETURN THAT I RECEIVED THIS WRIT ON AUGUST 7, 1996, AT 10:15 A.M., AND SERVED SAME ON (SEE ABOVE) IN ACCORDANCE WITH THE TYPE SERVICE MARKED ABOVE, ON AUGUST 7, 1996, AT 10:35 A.M., IN TALLAHASSEE, LEON COUNTY, FLORIDA.

THEODORE J. LEHMANN
Special Process Server No. 1 appointed by the Sheriff of
Leon County pursuant to Section 48.021, F.S.

SWORN TO AND SUBSCRIBED BEFORE ME THIS _8th_ DAY OF AUGUST, 1996, BY THEODORE J. LEHMANN, WHO IS PERSONALLY KNOWN TO ME.

NOTARY PUBLIC

CASE NO.: 96-15647 CA 02

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 96-15647 CA 02

JOHN D. R. LEONARD,

     Plaintiff,

v.

PEPSICO, INC.,

     Defendant.

_____/

THE ORIGINAL FILED

ON SEP - 5 1996

IN THE OFFICE OF,
CIRCUIT COURT DADE CO. FL

### NOTICE OF FILING
### OF REMOVAL OF CASE TO FEDERAL COURT
### <u>PURSUANT TO 28 U.S.C. § 1441</u>

TO:   THE CLERK OF THE CIRCUIT COURT
      OF THE ELEVENTH JUDICIAL CIRCUIT
      IN AND FOR DADE COUNTY, FLORIDA

     PLEASE TAKE NOTICE that on September 6, 1996, defendant, PepsiCo, Inc. ("PepsiCo"),

the defendant named in the above-styled action, filed a Notice of and Petition for Removal pursuant

to 28 U.S.C. §§ 1332, 1441 and 1446, a copy of which is attached hereto, for removal of the above-

styled action to the United States District Court for the Southern District of Florida, Miami Division.

     PLEASE TAKE FURTHER NOTICE that, pursuant to the provisions of 28 U.S.C. § 1446,

the filing of PepsiCo's Notice of and Petition for Removal in the United States District Court,

together with the filing of said Notice of Petition for Removal with this Court, effects the removal

112667



# CIVIL COVER SHEET

**96-2555**

**CIV - KING**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**MAGISTRATE JUDGE**

**DUBÉ**

## I (a) PLAINTIFFS

JOHN D.R. LEONARD,

## DEFENDANTS

PEPSICO, INC.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _King, WA_
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _Westchester, NY_
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Lawrence M. Schantz and Alan P. Dagen,
Schantz, Schatzman & Aaronson, PA, Ste.
1050, 200 So. Biscayne Blvd., Mia, FL

ATTORNEYS (IF KNOWN) Steven E.M. Hartz & Merrick
L. Gross, Akerman, Senterfitt & Eidson, PA
One Southeast Third Ave., 28th Fl Miami,
FL 33131 (305) 374-5600

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: 305/371-3100
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN X ONE BOX ONLY)

☐ 1. U.S. Government Plaintiff
☐ 2. U.S. Government Defendant
☐ 3. Federal Question (U.S. Government Not a Party)
☒ Diversity (Indicate Citizenship of Parties in item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Case Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.) Diversity jurisdiction under 28 U.S.C. §1332. Suit for specific performance of a contract, Breach of Contract, Fraud and State Statutory Claims.

## IVa. _7_ days estimated (for both sides) to try entire case

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) B | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending B | ☐ 660 Occupational Safety/Health | **B SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☒ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **A LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12USC3410 |
| ☒ 190 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| | | | ☐ 720 Labor Management Relations B | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **B PRISONER PETITIONS** | ☐ 730 Labor/Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **A FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus** | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) B | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General * | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other * | | | ☐ 890 Other Statutory Actions * |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights * A or B | | | * A or B |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☐ 1. Original Proceeding
☒ 2. Removed From State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated
☐ 5. Transferred from another district (specify)
☐ 6. Multidistrict Litigation
☐ 7. Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**
N/A (excess $30,000,000.

☐ Check YES only if demanded in complaint
**JURY DEMAND:** ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See Instructions):
JUDGE                DOCKET NUMBER

DATE _September 6, 1996_

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

S/F I-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. _967100_
Date Paid: _9/6/96_
Amount: _100.00_
M/fp: ____